# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

v.

**ERIK OMAR ORTIZ-MELÉNDEZ,**

**Defendant.**

**Criminal No. 12-251-5 (ADC)**

## OPINION AND ORDER

Defendant Erik Omar Ortiz-Meléndez has moved the Court to dismiss the Indictment, dated March 29, 2013, on the ground that his initial appearance has been unnecessarily delayed. **ECF No. 1254**. Defendant states that he has been in the custody of the State of Florida since May 20, 2016, awaiting trial on a local indictment. *Id.*, ¶¶ 4, 8. He complains that he has not yet been arraigned in this case even though a federal detainer is lodged against him. *Id.*, ¶¶ 5, 8. He also indicates that the federal detainer is one reason why he has not been released from state custody pending trial. *Id.*, ¶ 5. The Government has responded in opposition to the motion. **ECF No. 1256**. The Government declares that "defendant has been a fugitive . . . [s]ince the filing of the Indictment in March 2012," and that two other jurisdictions (one in Florida, and another in New York), in addition to this one, have lodged detainers against defendant. *Id.* at 1-2.

Defendant alleges only two bases of relief: Federal Rule of Criminal Procedure 5(a)(1)(A), and 18 U.S.C. § 3161(c)(1). **ECF No. 1254**, ¶¶ 7-8. Neither plainly applies to him. Rule 5(a)(1)(A) provides that, upon "an arrest," the arrestee must be brought before a federal magistrate judge

"without unnecessary delay." Section 3161(c)(1) provides that a defendant must be brought to trial "within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the Court in which such charge is pending, whichever date last occurs . . . [i]n any case in which a plea of not guilty is entered." Defendant does not claim, however, that he has been arrested on the charges in this matter. *See* **ECF No. 1254**. Nor does he claim that he has appeared before a judicial officer of this Court and pleaded not guilty. *See id*. Indeed, an initial appearance in federal court is his alternative prayer for relief. *See id*., ¶ 14. Accordingly, the provisions of neither Rule 5(a)(1)(A), nor § 3161(c)(1), have been triggered yet. *See United States* v. *Lewis*, 732 F.3d 6, 12-13 (1st Cir. 2013). Moreover, since defendant does not explicitly claim or argue that the federal detainer is somehow the functional equivalent of a federal arrest, *see id*. at 16, any such claim has been waived for lack of development, *see Holloway* v. *United States*, 845 F.3d 487, 491 n.4 (1st Cir. 2017).

The Court finds no reason to dismiss the Indictment against defendant. Defendant has failed to show that his rights under Rule 5(a)(1)(A) and § 3161(c)(1) have been violated. If the Government is correct that three separate jurisdictions, spanning from New York to Puerto Rico, have lodged detainers against him, it appears that defendant may have a history of failing to appear in court and becoming a fugitive from justice, which might also explain why the State of Florida has not released him on his own recognizance, pending trial. And, when defendant's retained attorney appeared in this case on July 21, 2016, he did not invoke defendant's speedy-

trial rights. *See* **ECF No. 1241**. Instead, he waited nearly three months before filing the present motion. *See* **ECF No. 1254**. Even then, in asking for dismissal of the Indictment, defendant does not highlight his argument that his initial appearance has been delayed – perhaps because his rights under Rule 5(a)(1)(A) and § 3161(c)(1) have not yet been triggered. Instead, he claims that "due to lack of communication" between his lawyer and the assigned prosecutor, he thinks that "the Government has no interest in pursuing the [matter]." *Id.*, ¶ 13. The prosecutor's response in opposition has put that thought to rest. *See* **ECF No. 1256** at 3-4. Finally, in light of the fact that defendant admits that he is currently awaiting trial in Florida, he has failed to show that any delay in his initial appearance has been unnecessary or attributable to the Government.

Even if defendant had shown that his initial appearance has been delayed unnecessarily, defendant, himself, has indicated that if the Government opts to proceed with this prosecution, a prompt initial appearance would be sufficient relief for any past delays. *See* **ECF No. 1254**, ¶ 14. Indeed, defendant's motion suggests that he is most interested in negotiating a plea bargain with the Government. *See id.*, ¶¶ 11-12. About two weeks after defendant filed this motion, the Government petitioned the Court for writ of habeas corpus ad prosequendum, so that defendant may "appear before the [Court] for prosecution." **ECF No. 1255**, ¶ 2. The Government issued the writ to defendant's Florida custodian late last month. *See* **ECF No. 1271**. Thus, although defendant has failed to sustain his claim for relief, the Court has, nonetheless, already granted him one of the forms of relief he requested. *See* **ECF No. 1254**, ¶ 14.

In sum, the Court hereby **DENIES** defendant's motion to dismiss.  *See* **ECF No. 1254.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 26th day of April, 2017.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **Chief United States District Judge**